COLUMBIA GAS OF OHIO, INC., APPELLANT,
*v.* LIMBACH, TAX COMMR., APPELLEE.*

[Cite as *Columbia Gas of Ohio, Inc. v. Limbach* (1994), 68 Ohio St.3d 366.]

(No. 92–1985—Submitted December 7, 1993—Decided March 2, 1994.)

* Roger W. Tracy has succeeded Joanne Limbach as Tax Commissioner.

*Porter, Wright, Morris & Arthur* and *George M. Hauswirth; Andrew J. Sonderman* and *James R. Berendsen,* for appellant.

*Lee I. Fisher,* Attorney General, and *Richard C. Farrin,* Assistant Attorney General, for appellee.

---

*Per Curiam.* We hold that Columbia has not established that it overpaid the disputed tax, a condition for obtaining a certificate of abatement, and that its constitutional claims do not, in fact, contest the levy of this tax. Consequently, we affirm the decision of the BTA.

R.C. 5703.05(B) provides:

" * * * the commissioner may on written application of any person, firm, or a corporation claiming to have overpaid to the treasurer of state at any time within five years prior to the making of such application any tax payable under any law which the department of taxation is required to administer which does not contain any provision for refund, or on his own motion investigate the facts and make in triplicate a written statement of his findings, and, if he finds that there has been an overpayment, issue in triplicate a certificate of abatement payable to the taxpayer, his assigns, or legal representative which shows the amount of the overpayment and the kind of tax overpaid. * * * Except as provided in sections 5725.08 and 5725.16 of the Revised Code taxpayer's copy of any certificates of abatement may be tendered by the payee or transferee thereof to the treasurer of state as payment, to the extent of the amount thereof, of any tax payable to the treasurer of state[.]"

In essence, Columbia argues that Section 29, the provision of Am.Sub.H.B. No. 100 that prevents it from recovering the additional tax by passing it through to its customers in its rates, is unconstitutional for various reasons and renders the tax imposed by Section 6 unconstitutional. Thus, so it argues, it overpaid the tax and should receive the certificate. The commissioner argues that Columbia is not charging that the levy of tax itself is unconstitutional but actually is challenging the constitutionality of its being prevented from recovering the tax from its customers. The commissioner maintains that the commissioner has no authority to issue the certificate since she has no authority over whether Columbia may recover the taxes through its rates. We agree with the commissioner.

According to *Chicago Freight Car Leasing Co. v. Limbach* (1992), 62 Ohio St.3d 489, 491, 584 N.E.2d 690, 693, to obtain an abatement of overpaid taxes:

"The applicant must: (1) overpay the tax under a statute not providing for a refund, (2) overpay under a law administered by the Department of Taxation, (3) overpay to the state treasurer, and (4) file an application within five years of the alleged overpayment."

However, if no overpayment occurred, no certificate of abatement may be issued. *Ellsworth Freight Lines, Inc. v. Bowers* (1962), 173 Ohio St. 117, 18 O.O.2d 363, 180 N.E.2d 152. In *Ellsworth*, a lessee paid highway use tax under a statute which required the owner of commercial vehicles to pay the tax. Under the lease, the lessee could withhold sufficient funds to pay the taxes from lease payments due the owner. However, the lessee, instead, applied for a certificate of abatement seeking reimbursement of the tax, claiming that it had not been legally obligated to pay it.

We held that the lessee's position was unsound because no overpayment of the tax had occurred. The tax paid to the state was actually due it. According to the decision, *id.* at 118, 18 O.O.2d at 364, 180 N.E.2d at 153, "[t]he controlling fact in this matter is not that the tax was voluntarily paid, which it was, but that there was no overpayment of the tax due the state. Overpayment is a requirement of Section 5703.05, Revised Code, before the Tax Commissioner has authority to issue a certificate of abatement."

In this case, Columbia does not really challenge the propriety of the tax, except as being a retroactive statute, and *E. Ohio Gas Co.* decided it was not. Columbia's real claim is that preventing it from recovering the tax from its customers is unconstitutional. The tax Columbia paid to the state was due the state. Thus, under *Ellsworth*, Columbia may not obtain this certificate.

As to the retroactivity of the tax under Section 28, Article II of the Ohio Constitution, *stare decisis* bars Columbia's claim. In *E. Ohio Gas Co.*, we held that the additional tax was imposed prior to the end of East Ohio Gas's tax year

and was not retroactive. Under the precedent cited therein, we conclude that Columbia has no claim that the tax operated retroactively on Columbia's income.

Since Columbia's remaining constitutional claims pertain to obtaining reimbursement of the tax from its customers under public utility laws and regulations, and not to paying the tax, we refuse to rule on them.

Accordingly, we affirm the decision of the BTA.

*Decision affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.